Filed 9/29/23  P. v. White CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>DARNELL LESHAWN WHITE,<br><br>    Defendant and Appellant. | C097847<br><br>(Super. Ct. No. STKCRFECOD20150014492) |

In 1996, a jury found defendant Darnell Leshawn White guilty of first degree murder.  Following the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), defendant petitioned the trial court for resentencing, contending that he could no longer be convicted of murder because of the bill's changes to murder liability.  The trial court denied the petition at the prima facie stage, and defendant now appeals that decision.  Because the record indicates defendant is not entitled to relief, we will affirm the trial court's order denying the petition for resentencing.

1

# I. BACKGROUND

The facts of the underlying offense are set forth in the appellate opinion from defendant's prior appeal. (See *People v. White* (June 20, 2018, C083049 [nonpub. opn.].).)[1] Briefly summarized, while D.M. and her boyfriend were at their residence, defendant entered pointing a gun. After forcing the boyfriend to give them money, defendant and a second man made the boyfriend and D.M. lie on their stomachs. (*Ibid.*) "Shortly after, defendant said, 'is that it?' and the boyfriend said, 'I gave you everything that I got.' Defendant then told the other man, 'All right, blap 'em.' The other man started shooting." (*Ibid.*) "D.M. was hit in the side, forearm, upper arm, shoulder, and neck. Her boyfriend was also shot and later died from his injuries." (*Ibid.*)

In 2016, a jury found defendant guilty of first degree murder (Pen. Code, § 187, subd. (a)),[2] attempted premeditated murder (§ 664/187, subd. (a)), first degree robbery (§§ 211, 212.5, subd. (a)), and being a felon in possession of a firearm (§ 29800, subd. (a)(1)) as well as firearm enhancements for the first three offenses (§§ 12022.53, subd. (b), 12022.5, subd. (a)). The jury further found true the special circumstances that the murder occurred during the course of a robbery (§ 190.2, subd. (a)(17)(A)) and a burglary (§ 190.2, subd. (a)(17)(G)).

The trial court sentenced defendant to life without the possibility of parole for first degree murder;[3] the upper term of nine years for attempted premeditated murder with 10

---

[1] We take judicial notice of the appellate opinion in the prior appeal (Evid. Code, § 452, subd. (d)(1)), which both parties rely on in setting forth the facts of defendant's offense. Our recitation of the facts from our prior appellate opinion is solely for the purpose of efficiently summarizing the background of this case. We do not rely on these facts in resolving the issue raised in this appeal.

[2] Undesignated statutory references are to the Penal Code.

[3] At the sentencing hearing, the prosecutor noted that the court clerk neglected to read the second page of the jury verdict forms for the first degree murder conviction in the

additional years for an associated firearm enhancement (§ 12022.53, subd. (b)); and three years for being a felon in possession of a firearm. The sentences for first degree robbery and the remaining enhancements were stayed pursuant to section 654. We affirmed that judgment in an unpublished opinion. (*People v. White, supra*, C083049.)

In 2021, defendant petitioned for resentencing under former section 1170.95 (now section 1172.6).[4] The trial court held a hearing to determine defendant's eligibility for resentencing and concluded that defendant failed to establish a prima facie case for relief.[5] Defendant timely appealed.

## II. DISCUSSION

Defendant's sole contention is that the trial court erred in denying his section 1172.6 petition at the prima facie stage. More specifically, defendant argues that his record of conviction does not affirmatively establish his ineligibility as a matter of law. We disagree.

Senate Bill 1437 was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)

presence of the jury. As such, the prosecutor asked the court not to sentence defendant based on the findings listed on the second page, which were the burglary-murder special circumstance finding and the firearm use enhancements as to the first degree murder conviction. For this reason, the trial court only referenced the robbery-murder special circumstance when imposing defendant's sentence of life without the possibility of parole.

[4] Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6 without relevant change. (Stats. 2022, ch. 58, § 10.) For ease of exposition, we will cite to the current section 1172.6 throughout this opinion.

[5] In denying the petition, the trial court did not "provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

3

In addition, Senate Bill 1437 created a mechanism for individuals convicted of qualifying offenses to petition for resentencing. Section 1172.6 permits individuals who were "convicted of felony murder or murder under a natural and probable consequences doctrine . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts" when certain conditions apply. (§ 1172.6, subd. (a).) One of the required conditions is that the "petitioner could not presently be convicted of murder" after the amendments enacted by Senate Bill 1437. (*Id*., subd. (a)(3).) Once a complying petition is filed, the court appoints counsel if requested, the parties submit briefs, and the trial court makes a prima facie determination of eligibility. (*People v. Lewis* (2021) 11 Cal.5th 952, 966.) The prima facie inquiry is "limited" and courts must " ' "take[] petitioner's factual allegations as true." ' " (*Id*. at p. 971.) " 'However, if the record [of conviction], including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.)

Here, a review of the jury instructions and verdicts show defendant is ineligible for relief as a matter of law. As to the robbery-murder special circumstance, the jury in this case was instructed with CALCRIM No. 702. As modified by the trial court, that instruction stated, in relevant part: "If you decide that the defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstance of Murder Committed During the Commission of Robbery, you must also decide whether the defendant acted with the intent to kill. [¶] In order to prove this special circumstance for a defendant who is not the actual killer but who is guilty of first degree murder as an aider and abettor the People must prove that the defendant acted with the intent to kill. [¶] . . . [¶] If the defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with the intent to kill for the special circumstance to Murder Committed During the Commission

4

of Robbery to be true.  If the People have not met this burden, you must find (this special circumstance) has not been proved true."

Therefore, in order to find the robbery-murder special circumstance true, the jury had to find that defendant was the actual killer or aided and abetted the murder with the intent to kill.  In either case, defendant would still be guilty of murder even after the changes enacted by Senate Bill 1437.

Defendant acknowledges that he is "ineligible for relief if he acted with the intent to kill" and that CALCRIM No. 702 "required the jury to find [that he] had the intent to kill the victim in order to find true the robbery special circumstance allegation." Nonetheless, defendant insists that the jury could have ignored CALCRIM No. 702 and instead only followed the other special circumstance jury instructions.  But nothing in the language of CALCRIM No. 702 suggests it is optional.  In fact, the instruction expressly states that the jury "must find (this special circumstance) has not been proved true" if the People do not prove beyond a reasonable doubt that defendant was the actual killer or aided and abetted the murder with the intent to kill.  What is more, the jury was instructed, pursuant to CALCRIM No. 200, that it needed to "[p]ay careful attention to all of these instructions and consider them together."

Both parties extensively discuss *People v. Strong* (2022) 13 Cal.5th 698 in their filings, but that case has no application here.  In *Strong*, our Supreme Court concluded a defendant is not ineligible for relief as a matter of law for being found to be a major participant in a deadly felony who acted with reckless indifference to human life before *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. (*Strong, supra,* at p. 710.)  Here, the jury could not have found the robbery-murder special circumstance true by finding defendant a major participant who acted with

5

reckless indifference to human life because the jury was never instructed as to that option.[6]

## III. DISPOSITION

The post-judgment order denying defendant's petition for resentencing is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

KRAUSE, J.

_____

[6] It is not apparent from the appellate record why the jury at defendant's 2016 trial was not instructed as to the "major participant" option. But any error at that time was to defendant's benefit as it imposed a more stringent burden for finding the special circumstance true.